```
                      UNITED STATES DISTRICT COURT
                         DISTRICT OF NEW JERSEY
                                          :
COMCAST CABLE COMMUNICATIONS,             :   CIVIL ACTION NO. 04-3496 (MLC)
                                          :
     Plaintiff,                           :   MEMORANDUM OPINION
                                          :
     v.                                   :
                                          :
JOHN McCORMACK,                           :
                                          :
     Defendant.                           :
                                          :
```

   **THE PLAINTIFF MOVES** under Federal Rule of Civil Procedure ("Rule") 55(b) for entry of judgment by default in this action to recover damages for, and to enjoin, the theft of cable televison programming.  The plaintiff seeks an injunction and the amounts of: (1) $11,340.00, which includes (a) statutory damages of $10,000 under 47 U.S.C. § 553(c)(3)(A)(ii), (b) $1,100.00 for an attorney's fee, and (c) $240.00 for costs and disbursements; and, (2) $3,670.42 for prejudgment interest from June 12, 2001, through July 7, 2005.  The defendant fails to oppose the motion.  The Court, under Rule 78, will decide the motion without oral hearing and on the papers.

   **DEFAULT WAS ENTERED** against the defendant on January 6, 2005.  (Unnumbered dkt. entry btwn. dkt. entry nos. 4 & 5.)  The plaintiff properly supports entry of an injunction, as well as an award of $11,340.00, which includes: (a) statutory damages of $10,000, (b) $1,100.00 for an attorney's fee, and (c) $240.00 for costs and disbursements.  (See Pl. Affidavit, Exs. A-D; Pl. Br.

in Support, at 2-11; Pl. Affirmation, at 1-4; Damages Stmt., at 1.) The Court will grant the part of the motion seeking entry of judgment by default for an injunction and in the amount of $11,340.00. The Court also will direct that the judgment is to bear interest at the judgment rate from the date of entry of judgment until it is paid.[1]

**BUT THE COURT**, in its discretion, intends to deny the part of the motion seeking an award of $3,670.42 for prejudgment interest from June 12, 2001, through July 7, 2005. For instance, the plaintiff is not entitled to prejudgment interest running from 2001 for the theft of cable televison programming that occurred in 2005. An award of postjudgment interest will be sufficient. For good cause appearing, the Court will issue an appropriate order and judgment.

                                           s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge

---

[1] The plaintiff is entitled to postjudgment interest on the amount owed for fees. See Eaves v. County of Cape May, 239 F.3d 527, 530 (3d Cir. 2001); Inst. Juvs. v. Sec'y of Pub. Welfare, 758 F.2d 897, 927 (3d Cir. 1985); Devex Corp. v. Gen. Motors Corp., 749 F.2d 1020, 1026-27 (3d Cir. 1984); Montgomery County v. Microvote Corp., No. 97-6331, 2004 WL 1087196, at *9 (E.D. Pa. May 13, 2004).